## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**KARIMA BRYANT, JOSHUA**
**FLANARY, DIEUNIPHERE**
**DELCY, and TELISA WHALEY,**
**individually and on behalf of**
**all others similarly situated, individually**
**and on behalf of all others**
**similarly situated,**

      **Plaintiffs,**                              **Case No: 1:23-cv-01294**

                                                 **Honorable Manish S. Shah**

**v.**

**WALGREEN CO.,**

      **Defendant.**
_____/

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## **TABLE OF CONTENTS**

SUMMARY OF RESPONSE AND BRIEF OVERVIEW OF COBRA .........................................1

STATEMENT OF FACTS FROM THE AMENDED COMPLAINT..............................................4

MEMORANDUM OF LAW.....................................................................................................6

    A.    Standard of Review........................................................................................6

    B.    Violation of 29 C.F.R. § 2590.606-4(b)(4)(xii) – Failure to
provide the address to which payments should be sent.....................................7

    C.    Violation of 29 C.F.R. § 2590.606-4(b)(4)(v)- Failure to
Adequately Explain the Procedures for Electing Coverage. ............................9

    D.    Violation of 29 C.F.R. § 2590.606-4(b)(4)(i)- Failure to
Identify Plan Administrator.............................................................................11

    E.    Violation of 29 C.F.R. § 2590.606-4(b)(4) Failure to
Provide COBRA Notice Written in a Manner Calculated
"To Be Understood By the Average Plan Participant.".....................................12

    F.    Plaintiffs Have Article III Standing.................................................................12

          1.    Injury-in-Fact........................................................................................12

          2.    Causation...............................................................................................15

    G.    Plaintiffs' Claims Are Timely..........................................................................16

    H.    The "Good Faith" Defense is Inapplicable and Does Not Warrant Dismissal..............19

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                          **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................6, 10

*Bacs, et al., v. Capital One Financial Corporation*,
    Case No.: 8:21-cv-02852-TPB-TGW (M.D. Fla. July 7, 2022)...................................14-15

*Baker v. Kingsley*,
    No. 03 C 1750, 2006 WL 2927606 (N.D. Ill. Oct. 10, 2006).......................................17-18

*Barrett v. Microdymanics Corpo, et. al.*,
    N.D. Ill. Nov. 14, 2012 (Doc. 30)…..........................................................................16-18

*Bryant v. Wal-Mart Store, Inc.*,
    No. 16-24818-CIV, 2019 WL 3542827 (S.D. Fla. Apr. 18, 2019) ..........................4, 15-16

*Bryant v. Compass Grp. USA, Inc.*,
    958 F.3d 617 (7th Cir. 2020) ...........................................................................................16

*Carter v. Gen. Elec. Co.*,
    No. 98 C 50239, 2000 WL 321663 (N.D. Ill. Mar. 21, 2000) ..........................................18

*Crotty v. Dakotacare Admin. Servs.*,
    455 F.3d 828 (8th Cir. 2006)............................................................................................20

*DeLaughter v. ESA Mgmt., LLC*,
    No. 8:16-CV-3302-MSS-AEP,
    2018 WL 7349251 (M.D. Fla. Mar. 20, 2018)...............................................1, 3, 13, 15-16

*Fritz v. Health & Welfare Dep't of Constr. & Gen. Laborers' Dist. Council of Chicago & Vicinity*,
    No. 99 C 4747, 2001 WL 34085714 (N.D. Ill. Apr. 6, 2001)...........................................18

*Gilbert v. Suntrust Banks, Inc.*,
    No. 15-80415-CIV, 2015 WL 11660244 (S.D. Fla. Sept. 18, 2015)..............................9-11

*Green v. FCA US LLC*,
    No. 20-13079, 2021 WL 1750118 (E.D. Mich. May 4, 2021).....................................13-15

*Griffin v. Neptune Tech. Grp.*,
    2015 WL 1635939 (M.D. Ala. Apr. 13, 2015).................................................................19

*Killis v. Medieval Knights, LLC*,
    No. 04 C 6297, 2007 WL 4302470 (N.D. Ill. Dec. 4, 2007)..............................................20

*Leister v. Dovetail, Inc.*,
    546 F.3d 875 (7th Cir. 2008).......................................................................16-17

*Lites v. Amazon.com Servs., LLC*,
    No. 1:22-CV-20587-JEM, 2023 WL 2602297 (S.D. Fla. Jan. 20, 2023)....................13-14

*Lujan v. Defs. of Wildlife*
    504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)................................................12

*Meadows v. Cagle's, Inc.*,
    954 F.2d 686, 692 (11th Cir. 1992) ...................................................................9

*Muransky v. Godiva Chocolatier, Inc.*,
    922 F.3d 1175 (11th Cir. 2019)........................................................................16

*Pierce v. Visteon Corp.*,
    No. 1:05CV1325 LJMJMS, 2007 WL 2986123 (S.D. Ind. Oct. 9, 2007)..............19-20

*Piercefield v. Int'l Truck & Engine Corp.*,
    No. 1:05CV1873DFHWTL, 2006 WL 2263985 (S.D. Ind. Aug. 7, 2006)..................19

*Riddle v. PepsiCo, Inc.*,
    No. 19-cv-3634 (VB), 2020 WL 883119 (S.D.N.Y. Feb. 24 2020)..................2-3, 8, 10-11

*Robles v. Lowe's Home Centers, LLC*,
    No. 8:19-CV-1713-T-02AAS, 2020 WL 1027592 (M.D. Fla. Mar. 3 2020)............2-3, 15

*Sanner v. Bd. of Trade*,
    62 F.3d 918 (7th Cir. 1995).............................................................................6

*Scott v. Suncoast Beverage Sales, Ltd.*,
    295 F.3d 1223 (11th Cir.2002) .........................................................................9

*Thompson v. Cont'l Cas. Co.*,
    602 F. Supp. 2d 943 (N.D. Ill. 2009)..............................................................18

*Thompson v. Ryder Sys., Inc.*,
    No. 22-20552-CIV, 2022 WL 18776108 (S.D. Fla. Oct. 11, 2022)..........................2-3, 11

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021).........................................................12

*Valdivieso v. Cushman & Wakefield, Inc.*,

No. 8:17-CV-118-T-23JSS, 2017 WL 2191053 (M.D. Fla. May 18, 2017)..........3, 7-8, 19

*Vazquez v. Marriott Int'l, Inc.,*
    No. 8:17-CV-116-T-35MAP, 2017 WL 6947455 (M.D. Fla. Aug. 25, 2017).2, 3, 12, 14-15

*Whitmore v. Arkansas*,
    495 U.S. 149 (1990)......................................................................................................15

*Wilson v. Sw. Bell Tel. Co.*,
    55 F.3d 399 (8th Cir. 1995) .......................................................................................12

## Statutes

29 U.S.C. § 1024(b)(4)...................................................................................................18

29 U.S.C. § 1113.............................................................................................................16

29 U.S.C. § 1132.............................................................................................................16

29 U.S.C. § 1132(a)(1)(B).........................................................................................17-19

29 U.S.C. § 1132(c)(1)....................................................................................................18

29 U.S.C. § 1163(2)...........................................................................................................4

29 U.S.C. § 1166.........................................................................................................3, 18

735 ILCS 5/13–205.........................................................................................................16

## Rules

Fed. R. Civ. P. 12(b)(1)..............................................................................................1, 2

Fed. R. Civ. P. 12(b)(6).............................................................................1, 2, 6-8, 20

## Other Authorities

29 C.F.R. § 2590.606–4..........................................................................................3, 19-20

29 C.F.R. § 2590.606-4(b)(4)...................................................................................5, 11-12

29 C.F.R. § 2590.606-4(b)(4)(i).....................................................................................11

29 C.F.R. § 2590.606-4(b)(4)(v)..............................................................................5, 9-12

29 C.F.R. § 2590.606-4(b)(4)(xii)................................................................................................5, 7-8

29 C.F.R. § 2590.606–4(g)..........................................................................................................8

Named Plaintiffs, Karima Bryant, Joshua Flanary, and Telisa Whaley ("Plaintiffs"),[1] respectfully ask that this Honorable Court deny the Motion to Dismiss (*see* Doc. 23) filed by Defendant, Walgreen Co. ("Defendant" or "Walgreens"), for the reasons set forth below.

## SUMMARY OF RESPONSE AND BRIEF OVERVIEW OF COBRA

Simply stated, Defendant's Motion should be denied because Plaintiffs' Amended Complaint plausibly alleges Defendant violated COBRA's notice requirements. Additionally, Plaintiffs have Article III standing because the Amended Complaint plausibly alleges Plaintiffs lost their health insurance, and incurred medical bills, ***because of*** Defendant's deficient COBRA notice. Such economic injuries easily satisfy Article III's injury-in-fact, traceability, and redressability requirements, particularly at the pleading stage. As a result, Plaintiffs respectfully submit that their well-pleaded allegations are sufficient to overcome Defendant's Rule 12(b)(1) and 12(b)(6) arguments.

This is not a new nor novel case. The COBRA forms used by Walgreens are commonly referred to as the "Alight" forms. They are deficient as a matter of law. In fact, when confronted with nearly identical motions to dismiss filed by Walgreens here, nearly every federal court throughout the country has denied the motion because, "…construed in the light most favorable to the Plaintiff, these allegations are sufficient to state a plausible claim of injury in fact traceable to the allegedly defective COBRA notice as required to confer standing upon the Plaintiff." *DeLaughter v. ESA Mgmt., LLC*, No. 8:16-CV-3302-MSS-AEP, 2018 WL 7349251, at *2 (M.D. Fla. Mar. 20, 2018) (denying motion to dismiss in deficient COBRA notice case).

To be sure, federal district courts have repeatedly found such allegations sufficient to survive 12(b)(1) and 12(b)(6) motions—including in cases involving <u>the same Alight COBRA</u>

---

[1] Plaintiffs are in the process of filing a notice of voluntary dismissal without prejudice as to Named Plaintiff Dieuniphere Delcy's claim. Thus, she is not made part of this brief.

notices Walgreens used. *See e.g., Vazquez v. Marriott Int'l, Inc.*, No. 8:17-CV-116-T-35MAP, 2017 WL 6947455, at *1 (M.D. Fla. Aug. 25, 2017) (motion to dismiss denied in deficient COBRA notice case based on Alight COBRA form similar to that used by Walgreens); *Robles v. Lowe's Home Centers, LLC*, No. 8:19-CV-2713-T-02AAS, 2020 WL 1027592, at *3 (M.D. Fla. Mar. 3, 2020) (motion to dismiss denied in deficient COBRA notice case based on Alight COBRA form used by Walgreens); *Riddle v. PepsiCo, Inc.*, No. 19-cv-3634 (VB), 2020 WL 883119 (S.D.N.Y. Feb. 24, 2020) (motion to dismiss denied in deficient COBRA notice case based on Alight COBRA form used by Walgreens); *Thompson v. Ryder Sys., Inc.*, No. 22-20552-CIV, 2022 WL 18776108, at *1 (S.D. Fla. Oct. 11, 2022) (motion to dismiss denied in deficient COBRA notice case based on Alight COBRA form used by Walgreens). Attached as Composite Exhibit A are the Alight COBRA forms from those cases. When compared with the COBRA forms used by Walgreens, attached as Exhibits B and C, it becomes evident the forms are not only similar they are, in fact, basically identical. Thus, like the courts in *Vazquez*, *Robles*, *Riddle*, and *Thompson*, this Court should deny Walgreens' Motion to Dismiss. Notably, with a few exceptions, Walgreens' Motion ignores the holdings of these cases. They are likely omitted from Walgreens' Motion because they are directly on point and, if followed, warrant denial of its Motion.

In fact, just a few months ago, the Chief Judge from the United States District Court for the Southern District of Florida denied, in part, a very similar Motion to Dismiss in *Thompson v. Ryder Sys., Inc.*, No. 22-20552-CIV, 2022 WL 18776108, at *1 (S.D. Fla. Oct. 11, 2022). Even more notably, the COBRA form from *Thompson* is identical to the Walgreens' COBRA notice. *Compare* Composite Exhibit A – the Ryder COBRA notice *compared to* Exhibits B and C, the Walgreens' COBRA notices. Ryder made the same arguments Walgreens makes here, including as to standing and as to the sufficiency of the complaint's allegations. *Thompson v. Ryder Sys.,*

*Inc.*, No. 22-20552-CIV, 2022 WL 18776108, at *6 (S.D. Fla. Oct. 11, 2022). This Court should follow the very recent decision from *Thompson*, along with *Vazquez*, *Robles*, and *Riddle* decisions—all of which involved basically the same COBRA notice used by Walgreens—and deny Defendant's Motion to Dismiss.

By way of a background on COBRA and the applicable law, in 2004 the Secretary of Labor promulgated a notice regulation, 29 C.F.R. § 2590.606–4. To facilitate compliance with these notice obligations, the DOL issued a Model COBRA Continuation Coverage Election Notice, included in the Appendix to 29 C.F.R. § 2590.606-4, that provides a "safe harbor" if used. *Valdivieso v. Cushman & Wakefield, Inc.*, No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *2 (M.D. Fla. May 18, 2017). A copy of the DOL's Model Notice is attached hereto as Exhibit D. Employers are not required to use the Model Notice. *See Id.* However, if an employer acting as a plan administrator declines to use the DOL's Model Notice, and the employer also fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, it is subject to statutory monetary penalties. *Id*.

Such is the case here. Defendant declined to use the DOL's Model Notice. More importantly, as explained herein, Defendant's COBRA notices violate the law. Rather than including all information required by law in a single notice, written in a manner calculated to be understood by the average plan participant, Defendant's COBRA notification process instead offers only some of the legally required information in a haphazard and piece-meal fashion.

In sum, and as stated previously above, "…construed in the light most favorable to the Plaintiffs, the well-pleaded allegations from the Amended Complaint are sufficient to state a plausible claim of injury in fact traceable to the allegedly defective COBRA notice as required to confer standing upon the Plaintiff[s]." *DeLaughter v. ESA Mgmt., LLC*, No. 8:16-CV-3302-MSS-

AEP, 2018 WL 7349251, at *2 (M.D. Fla. Mar. 20, 2018)(denying motion to dismiss in deficient COBRA notice case); *see also Bryant v. Wal-Mart Store, Inc*., No. 16-24818-CIV, 2019 WL 3542827, at *3 (S.D. Fla. Apr. 18, 2019) (denying motion to dismiss and finding allegations relating to lost insurance coverage sufficient for Article III standing purposes).

## STATEMENT OF FACTS FROM THE AMENDED COMPLAINT

1.      Each of the three remaining Named Plaintiffs, Karima Bryant, Joshua Flanary, and Telisa Wahley are all former employees of Walgreens. (Amended Complaint, Doc. 7, ¶¶ 54, 69, 99).

2.      Ms. Bryant was terminated on approximately March 7, 2020, Mr. Flanary was terminated on approximately June 22, 2020, and Telisa Whaley was terminated on approximately February 5, 2019. (Amended Complaint, Doc. 7, ¶¶ 54, 69, 99). As a result of respective terminations, Plaintiffs experienced a "qualifying event" as defined by 29 U.S.C. § 1163(2). (Amended Complaint, Doc. 7, ¶¶ 55, 70, 100).

3.      Following this qualifying event, Defendant caused its COBRA Administrator, Alight Solutions, to mail Plaintiffs a deficient "COBRA Enrollment Notice" (Exhibit B).[2] (Amended Complaint, Doc. 7, ¶¶ 56, 71, 86).  Defendant also caused Alight Solutions to mail Plaintiffs an "Important Information About Your COBRA Continuation Coverage," containing some – but not all – of the information missing from its COBRA enrollment notice. (Amended Complaint, Doc. 7, ¶ 7).  That document is attached as Exhibit C.

4.      The deficient COBRA documents (Exhibits B and C) that Plaintiffs received violated COBRA's notice mandates for the reasons set forth herein.  For example:

        a.      Defendant's "Cobra Enrollment Notice" (Exhibit B) violates 29
                C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide the address

---

[2] Plaintiffs have attached as Exhibits B and C the forms sent to Ms. Whaley merely as examples.  All of the Plaintiffs got substantively identical forms.  *See* Docs. 23-4 through 23-10.

to which payments should be sent;

b.  Defendant's "Cobra Enrollment Notice" (Exhibit B) violates 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes);

c.  Walgreens' dual COBRA forms (Exhibits B and C) violate 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.[3]

5.  Defendant's COBRA documents confused Plaintiffs and resulted in their inability to make an informed decision as to electing COBRA continuation coverage. (Amended Complaint, Doc. 7, ¶ 50). In fact, Plaintiffs originally wanted to elect COBRA but due, at least in part, to the missing information identified herein were unable to do so. (Amended Complaint, Doc. 7, ¶ 50). As a result, Plaintiffs suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills due to Walgreens's deficient COBRA forms. (Amended Complaint, Doc. 7, ¶ 18).

6.  Defendant's attempt to cure the above deficiencies with a follow-up COBRA form (Exhibit C), only added to the confusion. (Amended Complaint, Doc. 7, ¶ 53). Similarly, the Cobra Enrollment Notice failed to sufficiently explain how to enroll in COBRA. (Amended Complaint, Doc. 7, ¶ 52). As a result, Plaintiffs could not make an informed decision about health insurance and lost health coverage. (Amended Complaint, Doc. 7, ¶ 53). Such allegations establish Plaintiffs' standing.

7.  Contrary to Defendant's Motion to Dismiss, the Amended Complaint makes clear that Plaintiffs wanted to elect COBRA but due, at least in part, to the missing information identified herein were unable to do so. (Amended Complaint, Doc. 7, ¶ 18). As a result, Plaintiffs each

---

[3] (Amended Complaint, Doc. 7, ¶ 47).

suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills due to Walgreens' deficient COBRA forms. (*See, e.g.,* Amended Complaint, Doc. 7, ¶¶ 60-65; 76-80; 105-110, listing specific examples of economic losses ranging from medical bills, prescription benefits, lost insurance, etc.).

8.      Not only that, but Plaintiffs also suffered injury in the form of stress and anxiety created by the loss of their health insurance coverage because of Defendant's deficient COBRA notice.  (Amended Complaint, Doc. 7, ¶¶ 62, 77, 107).  Further still, Plaintiffs suffered an additional tangible injury because of Defendant's deficient COBRA notice in that they lost control over their own medical treatment, including the ability to continue treating with prior health care providers and the ability to select future health care providers.  (Amended Complaint, Doc. 7, ¶¶ 64, 79, 109).

9.      Simply put, Plaintiffs lost COBRA coverage and incurred medical expenses because of Defendant's deficient COBRA notice, and because Defendant failed to provide notice of continuation coverage written in a manner calculated "to be understood by the average plan participant."  (Amended Complaint, Doc. 7, ¶ 111).   These allegations are sufficient to overcome Walgreens' standing-related arguments.  In sum, as explained below, the Court should accept these well-pleaded allegations as true and deny Defendant's Motion.

## MEMORANDUM OF LAW

### A.      Standard of Review.

Under Fed.R.Civ.P.12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (quotations and citations omitted).  The same is true for Fed.R.Civ.P.12(b)(1).  *See Sanner v. Bd. of Trade*, 62 F.3d 918, 925 (7th Cir. 1995).

**B.** **Violation of 29 C.F.R. § 2590.606-4(b)(4)(xii) – Failure to provide the address to which payments should be sent.**

As an initial matter, on pages 12 through 17, Defendant's Motion improperly attacks the *merits* of the violations alleged in Plaintiffs' Amended Complaint rather than the *sufficiency* of Plaintiffs' allegations. Defendant's merit-based arguments are, in fact, better suited for summary judgment, or even trial. They are not Rule 12(b) dismissal arguments. Nonetheless, Plaintiffs' Amended Complaint pleads a plausible claim. This Court should deny Defendant's Motion.

Beginning with 29 C.F.R. § 2590.606-4(b)(4)(xii), the Walgreens' COBRA Enrollment Notice (Exhibit B)—standing alone—must include "the address to which payments should be sent." *Valdivieso v. Cushman & Wakefield, Inc*., No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *2 (M.D. Fla. May 18, 2017) (denying motion to dismiss based, in part, on fact that notice failed to include address for payment). However, Walgreens' COBRA Enrollment Notice, attached as Exhibit B, does <u>not</u> include "the address to which payments should be sent." Walgreens only provided that information in a supplemental notice, which is attached as Exhibit C. This is a per se violation of 29 C.F.R. § 2590.606-4(b)(4)(xii), which on its face requires all COBRA notices include "the address to which payments should be sent."

Walgreens' attempt to cure this deficiency by providing a mailing address for payment in Exhibit C only demonstrates that Walgreens knows this information must be disclosed. But Defendant's piecemeal strategy for separating COBRA information violates the law. Rather, as demonstrated by the Model DOL COBRA notice, which is a single cohesive document, 29 C.F.R. § 2590.606-4(b)(4)(xii) contemplates providing the statutorily required information in a COBRA "notice" (singular) rather than in multiple documents (plural) which must then be read in conjunction with one another for plan participants/beneficiaries to glean the necessary information

7

on where to send payments. Thus, Walgreens' COBRA Enrollment Notice (Exhibit B) violates the law.

A comparable scenario arose in *Valdivieso v. Cushman & Wakefield, Inc*., No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *2 (M.D. Fla. May 18, 2017)(denying Rule 12(b)(6) Motion to Dismiss in COBRA case, in part, because notice failed to include address to remit payment). In *Valdivieso* the defendant, like Walgreens here, provided an original COBRA notice that indicated the payment address would be provided in a follow-up notice. This is comparable to Walgreens providing information for the first time to Plaintiffs in Exhibit C. The Court in *Valdivieso* ultimately denied the defendant's motion to dismiss based, in part, and held as follows:

> Valdivieso alleges that the notice fails to mention the address to which he must send payment. Rather than include an address to remit payment, the notice states that "monthly invoices will provide a remittance address" and that "[a]dditional information about payment will be provided to you after the election form is received." Cushman & Wakefield argues that the notice complies with the "model notice." 29 C.F.R. § 2590.606–4(g) states that the "use of the model notice, appropriately modified and supplemented, will be deemed to satisfy the notice content requirements…." **Because Cushman & Wakefield's notice neither includes a payment address nor duplicates the model notice, Valdivieso states a plausible claim for violation of 29 C.F.R. § 2590.606–4(b)(4)(xii).**[4]

The outcome from *Valdivieso* should follow here. Because Defendant's COBRA Enrollment Notice (Exhibit B) neither includes a payment address nor duplicates the model notice, Plaintiffs state a plausible claim for violation of 29 C.F.R. § 2590.606–4(b)(4)(xii). *See also Riddle v. PepsiCo, Inc*., 440 F. Supp. 3d 358, 364 (S.D.N.Y. 2020) (denying motion to dismiss in similar deficient COBRA notice case where employer, Pepsi, used nearly identical Alight COBRA form). Defendant's Motion should be denied.

---

[4] *Valdivieso v. Cushman & Wakefield, Inc*., No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *2 (M.D. Fla. May 18, 2017) (Emphasis added).

## C. __Violation of 29 C.F.R. § 2590.606-4(b)(4)(v)- Failure to Adequately Explain the Procedures for Electing Coverage.__

The Defendant's COBRA notices also fail to adequately explain the procedures for electing coverage, as required by 29 C.F.R. § 2590.606-4(b)(4)(v). Contrary to Defendant's COBRA forms, the simple election form included as part of the Model Election Notice provides a near-foolproof way for persons to sign up for continuing coverage. Unlike the DOL's Model Election Notice (*see* Exhibit D), most COBRA notices provide a physical election form to complete and mail when electing continuation coverage. Defendant's dual COBRA forms, attached as Exhibits B and C, fail to provide a physical election form, and instead merely point plan participants to a general H.R. website and phone number.

However, merely providing a phone number or a website and expecting Plaintiffs and the putative class members to figure out how to enroll in COBRA once they call, or visit the website, is not what COBRA's notice requirements contemplate. Instead, "__*[t]he notice*__ must be sufficient to permit the discharged employee to make an informed decision whether to elect [continuation] coverage." *Scott v. Suncoast Beverage Sales, Ltd*., 295 F.3d 1223, 1230 (11th Cir.2002) (*citing Meadows v. Cagle's, Inc*., 954 F.2d 686, 692 (11th Cir. 1992). (Emphasis added). Providing dual COBRA notices telling someone to a call a number, or visit a website, and then assuming they will be able to make an informed decision **_after_** they do so is not sufficient notice because the notice itself—standing alone—is supposed to help one make the informed decision of whether to enroll in COBRA. A COBRA notice without information on how to enroll in COBRA, that instead relies upon a supplemental document like Walgreens' does here, is not what the law requires.

A Southern District of Florida decision, *Gilbert v. Suntrust Banks, Inc*., No. 15-80415-CIV, 2015 WL 11660244, at *2 (S.D. Fla. Sept. 18, 2015), addressed this very issue. Just like

here, in *Gilbert* the plaintiff alleged that the defendant's notice did not adequately explain the procedures for electing coverage "because it merely points the plan participant to an unhelpful website and phone number." These are precisely the allegations Plaintiffs' Amended Complaint contains, *see e.g.,* Amended Complaint, Doc. 7, ¶¶ 116, "[i]nstead, Defendant's COBRA enrollment notice merely directs plan participants to a general phone number, rather than explaining how to actually enroll in COBRA. To further compound the confusion, the Walgreens' COBRA enrollment notice contains no instructions on how to actually enroll if one calls the phone number." Ultimately, the *Gilbert* court denied a motion to dismiss very similar to the Motion filed by Walgreens, holding as follows: "…[after] review of the Notice attached to Plaintiffs' amended complaint, and because the Court must consider Plaintiffs' allegations as true at this stage in the litigation, the Court finds that Plaintiffs have set forth sufficient factual matter to state a claim for relief." *Gilbert*, at *2 (S.D. Fla. Sept. 18, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This Court should follow *Gilbert* and deny Walgreens' Motion.

The same holding was reached in *Riddle v. PepsiCo, Inc.*, 440 F. Supp. 3d 358, 364 (S.D.N.Y. 2020). In *Riddle*, the Court analyzed the same argument and denied a motion to dismiss. Notably, the *Riddle* court cited the Southern District of Florida decision from *Gilbert*. The *Riddle* court reasoned that, "[t]he same is true of the Riddles' allegations that PepsiCo failed to provide a physical COBRA enrollment form. PepsiCo's argument on this point—that it hews closely to the DOL model notice—is unpersuasive. The model notice provides for a physical election form, whereas PepsiCo's notices did not enclose an enrollment form with either letter. According to the Riddles, PepsiCo's notices merely point the Riddles to an unhelpful website and phone number. Accordingly, the Riddles have adequately alleged that the notices do not satisfy the election notice requirements of Section 2590.606-4(b)(4)(v)." *Riddle*, 440 F. Supp. 3d at 364

(citing *Gilbert v. Suntrust Banks, Inc.*, 2015 WL 11660244, at *2 (S.D. Fla. Sept. 18, 2015).

The *Thompson* court reached the same conclusion when it denied a motion to dismiss, in part, in a case involving the same COBRA form used by Walgreens here. *Thompson v. Ryder Sys., Inc.*, No. 22-20552-CIV, 2022 WL 18776108 (S.D. Fla. Oct. 11, 2022). In *Thompson*, according to Defendant, "the [r]egulations do not require step-by-step instructions, or any 'instructions' at all." The *Thompson* court disagreed and stated, "Defendant omits any authority for this argument. Plaintiff, in contrast, points to the Department of Labor's Model Election Notice form, in addition to several decisions, all of which require that the notice itself 'be sufficient to permit the discharged employee to make an informed decision whether to elect coverage.' The Court must therefore agree with Plaintiff that the Enrollment Notice does not contain an adequate 'explanation of the plan's procedures for electing continuation coverage[.]' 29 C.F.R. § 2590.606-4(b)(4)(v) (alteration added)." *Thompson*, at *4.

Simply put, this Court should follow the decisions from *Thompson,* and *Gilbert*, along with the *Riddle* decision, and deny Defendant's Motion. Each of these three decisions are directly on point. In each case, the district court denied motions to dismiss premised on arguments nearly identical to those raised by Walgreens, including as to 29 C.F.R. § 2590.606-4(b)(4)(v).

**D.**     **Violation of 29 C.F.R. § 2590.606-4(b)(4)(i)- Failure to Identify Plan Administrator.**

Plaintiffs recognize that, as Defendant's Motion correctly points out, courts have recently dismissed allegations relating to failure to identify the plan administrator. Thus, Plaintiffs do not challenge this portion of Defendant's Motion. However, the allegations related to Defendant's failure to identify the plan administrator are the only allegations that should be dismissed.

**E.** **Violation of 29 C.F.R. § 2590.606-4(b)(4) Failure to Provide COBRA Notice Written in a Manner Calculated "To Be Understood By the Average Plan Participant."**

Whether a defendant's COBRA notification complies with the law turns on whether the notice is understandable by an average plan participant.[5] This requirement has been interpreted as an objective standard rather than requiring an inquiry into the subjective perception of the individual plan participants.[6] By failing to adequately explain the procedures for electing coverage, as required by 29 C.F.R. § 2590.606-4(b)(4)(v), coupled with the complete omission from the Cobra Enrollment Notice of how to actually enroll in COBRA, where to send payment, Defendant cumulatively violated 29 C.F.R. § 2590.606- 4(b)(4). (Amended Complaint, Doc. 7, ¶ 137).

**F.** **Plaintiffs Have Article III Standing.**

**1.** **Injury-in-Fact.**

To establish standing, first, Plaintiffs must have suffered an injury in fact—an invasion of a legally-protected interest which is concrete and particularized. *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2209, 210 L. Ed. 2d 568 (2021). Plaintiffs easily satisfy this first element needed for standing.

For example, Plaintiffs each suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills due to Walgreens' deficient COBRA forms. (See, e.g., Amended Complaint, Doc. 7, ¶¶ 60-65; 76-80; 105-110, listing specific

---

[5] *See Vazquez v. Marriott Int'l, Inc*., No. 817-cv-00116, 2018 WL 3860217, at *4 (M.D. Fla. Aug. 7, 2018) ("Thus, whether Marriott's contested COBRA notification complies with the law, does not depend on Plaintiff's personal characteristics; but, on whether the Notice is understandable by an average plan participant. 29 C.F.R. 2590.606-4(b)(4). This requirement has been interpreted as "an objective standard rather than requiring an inquiry into the subjective perception of the individual [plan] participants." (citing *Wilson v. Sw. Bell Tel. Co*., 55 F.3d 399, 407 (8th Cir. 1995)).
[6] *Id.*

examples of economic losses ranging from medical bills, prescription benefits, lost insurance, etc.). Not only that, but Plaintiffs also suffered injury in the form of stress and anxiety created by the loss of their health insurance coverage because of Defendant's deficient COBRA notice. (Amended Complaint, Doc. 7, ¶¶ 62, 77, 107). Plaintiffs suffered an additional tangible injury because of Defendant's deficient COBRA notice in that they lost control over their own medical treatment, including the ability to continue treating with prior health care providers and the ability to select future health care providers. (Amended Complaint, Doc. 7, ¶¶ 64, 79, 109).

Simply put, Plaintiffs lost COBRA coverage and incurred medical expenses because of Defendant's deficient COBRA notice, and because Defendant failed to provide notice of continuation coverage written in a manner calculated "to be understood by the average plan participant." (Amended Complaint, Doc. 7, ¶ 111). Such well-pleaded allegations establish Plaintiffs' standing under Article III.

In other COBRA cases like this, district courts held that such allegations demonstrated plaintiffs suffered an injury-in-fact sufficient for standing purposes, particularly at the pleading stage. For example, in *DeLaughter v. ESA Mgmt., LLC*, No. 8:16-CV-3302-MSS-AEP, 2018 WL 7349251 (M.D. Fla. Mar. 20, 2018) the court denied a similar motion and held, "Plaintiff contends that the Second Amended Complaint alleges…economic injuries sustained through her temporary loss of insurance coverage and the unpaid medical bills incurred because of her cancelled surgery. The Court finds that Plaintiff has met her burden of pleading an injury in fact sufficient to establish standing." *See also Green v. FCA US LLC*, No. 20-13079, 2021 WL 1750118 (E.D. Mich. May 4, 2021) (denying motion to dismiss in deficient COBRA notice case and finding that Plaintiffs had Article III standing); *Lites v. Amazon.com Servs., LLC*, No. 1:22-CV-20587-JEM, 2023 WL 2602297, at *1 (S.D. Fla. Jan. 20, 2023), *report and recommendation*

*adopted sub nom. Lites v. Amazon.com Servs., Inc*., No. 22-20587-CIV, 2023 WL 2601815 (S.D. Fla. Mar. 22, 2023)(denying motion to dismiss in deficient COBRA notice case and finding that Plaintiffs had Article III standing).

Similarly, in *Vazquez v. Marriott Int'l, Inc*., No. 8:17-CV-116-T-35MAP, 2017 WL 6947455, at *2 (M.D. Fla. Aug. 25, 2017), the district court denied a motion to dismiss in a COBRA notice case and held that the plaintiff "declares that she suffered the loss of insurance coverage due to the deficiency in the notice, in addition to being unable to afford coverage. Plaintiff also alleges that she incurred significant medical bills as a result of the loss of insurance. These allegations are sufficient to state a plausible claim of injury in fact and, thus, to confer standing upon the Plaintiff."[7]  *See also Green v. FCA US, LLC*, No. 20-13079, 2021 WL 1750118, at *3 (E.D. Mich. May 4, 2021) (same).

Likewise, in *Bacs, et al., v. Capital One Financial Corporation*, Case No.: 8:21-cv-02852-TPB-TGW (M.D. Fla. July 7, 2022), the Court rejected standing arguments similar to those raised by Walgreens here and held as follows: "Defendant [] contends that the case should be dismissed for lack of constitutional standing, arguing that Plaintiffs fail to establish a causal connection between the lack of a specific end date in their notice and their decision to not continue coverage. Plaintiffs, however, allege that they lost their insurance coverage due to the deficiency in the notice. Plaintiffs also allege that they incurred significant medical costs due to the loss of insurance. The Court finds that these allegations are sufficient to establish the causation requirement for Article III standing."  A copy of the *Bacs* Order is attached as Exhibit E.

---

[7] Notably, the *Vazquez* court went on to certify a nationwide class of nearly 19,000 individuals in a deficient COBRA notice case.  *Vazquez v. Marriott Int'l, Inc*., No. 8:17-CV-116-T-35MAP, 2018 WL 3860217 (M.D. Fla. Aug. 7, 2018) (granting Plaintiff's motion for class certification and finding Article III standing). Further still, the Eleventh Circuit Court of Appeals rejected the *Vazquez* defendant's petition seeking permission to appeal the *Vazquez* class certification order.  (*See* Exhibit G).

In sum, Plaintiffs' Amended Complaint sufficiently alleges Plaintiffs suffered an injury-in-fact. Defendant's Motion offers no solid reason to depart from the decisions in *Bryant*, *Vazquez*, *DeLaughter*, *Robles*, *Green*, and *Bacs*—much less all of them.

2. **Causation**.

The second prong of the Article–III standing test merely requires Plaintiff to show that the injury "fairly can be traced to the challenged action." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Plaintiffs' Amended Complaint alleged that Defendant's defective COBRA notice proximately caused themmultiple concrete injuries. For example, the Amended Complaint alleges "Plaintiffs originally wanted to elect COBRA but due, at least in part, to the missing information identified herein were unable to do so. As a result, Plaintiffs suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills due to Walgreens' deficient COBRA forms." (Amended Complaint, Doc. 7, ¶ 18). Such allegations establish that Plaintiffs' injuries can fairly be traced to the Walgreens' deficient COBRA forms.

Additional allegations from the Amended Complaint further support this conclusion. For example, the Amended Complaint also alleges: "Plaintiff Bryant suffered a tangible injury in the form of lost health insurance coverage, and lost continuation health coverage, because of Defendant's deficient COBRA notice." (Amended Complaint, Doc. 7, ¶ 60). Similar allegations are found throughout the Amended Complaint as to all three Named Plaintiffs. (*See* Amended Complaint, Doc. 7, ¶¶ 64, 79, 109). The Amended Complaint further alleges, "[a]s a result of receiving the COBRA enrollment notice, and the subsequent paperwork, Plaintiffs failed to understand the notice and, thus, Plaintiffs could not make an informed decision about their health insurance." (Amended Complaint, Doc. 7, ¶ 17); (*see also* Amended Complaint, Doc. 7, ¶ 50).

Taken together, and "…construed in the light most favorable to the Plaintiff, these

allegations are sufficient to state a plausible claim of injury in fact traceable to the allegedly defective COBRA notice as required to confer standing upon the Plaintiff." *DeLaughter v. ESA Mgmt., LLC*, No. 8:16-CV-3302-MSS-AEP, 2018 WL 7349251, at *2 (M.D. Fla. Mar. 20, 2018) (Emphasis added); *see also Bryant v. Wal-Mart Store, Inc*., No. 16-24818-CIV, 2019 WL 3542827, at *3 (S.D. Fla. Apr. 18, 2019).[8] For these reasons, the Court should deny Walgreens' Motion.

**G.**     <u>**Plaintiffs' Claims Are Timely**</u>.

According to Defendant's Motion, "Plaintiffs' claim [are] barred by the applicable two-year statute of limitations, because of their claims accrued prior to November 30, 2020." (Doc. 23, p. 10). Respectfully, Defendant is wrong. There are two statutes of limitations that apply to ERISA suits. One is found in 29 U.S.C. § 1113, which applies to claims involving a fiduciary's breach of duty (not at issue here). The other statute is borrowed from the state statute, which, in this case, is Illinois. Thus, here, the statute of limitations that applies is the statute most analogous to the cause of action plaintiff has filed against Defendant. *Leister v. Dovetail, Inc*., 546 F.3d 875, 878 (7th Cir. 2008). As explained below, in accordance with *Barrett v. Microdymanics Corpo, et. al.*, N.D. Ill. Nov. 14, 2012 (Doc. 30), the most analogous state law is Illinois' ten-year statute of limitations for breach of contract. *See* 735 ILCS 5/13–205.

This issue came up in *Barrett v. Microdymanics Corpo, et. al.*, N.D. Ill. Nov. 14, 2012 (Doc. 30). A copy of the *Barrett* Order is attached as Exhibit F. In *Barrett*, like here, a former employee filed suit to recover damages and benefits due to him under COBRA. The defendant

---

[8] Defendant's Motion does not challenge the redressability prong of standing; either way, Plaintiffs also have satisfied the redressability element needed for standing by virtue of the statutory damages and equitable relief they seek pursuant to 29 U.S.C. § 1132. *See, e.g., Bryant v. Compass Grp. USA, Inc*., 958 F.3d 617, 621 (7th Cir. 2020) ("the prospect of statutory damages shows that such an injury is redressable"); *Muransky v. Godiva Chocolatier, Inc*., 922 F.3d 1175, 1185 (11th Cir. 2019) (same), vacated for reh'g en banc 939F.3d 1278 (11th Cir. 2019);

sought dismissal on the grounds that the *Barrett* plaintiff's claims were barred by the applicable two-year state law statute of limitations for COBRA claims. The *Barrett* Court disagreed, denied the motion to dismiss, and held as follows:

> The parties agree that the proper statute of limitations here is borrowed from the state statute of limitations "most analogous" to Plaintiff's cause of action. *Leister v. Dovetail, Inc.*, 546 F.3d 875, 878 (7th Cir. 2008). Although Plaintiff labeled the claims in his complaint as brought pursuant to 29 U.S.C. § 1132(c), I agree that what he is really seeking here are benefits to which his continued coverage plan entitled him. **I therefore find that his claims are brought pursuant to 29 U.S.C. § 1132(a)(1)(B) and are subject to Illinois's 10-year statute of limitations for breach of a written contract**. Id. at 880. I reject Defendants' argument that the complaint should be dismissed with prejudice because Plaintiff misstated the applicable subsection of the code. *Central States, Southeast and Southwest Areas Pension Fund v. Denny*, 250 F.Supp.2d 948, 952 (N.D.Ill. 2003). Cont'l Cas. Co., 602 F. Supp. 2d 943, 945 (N.D. Ill. 2009)

Count II of Plaintiffs' Amended Complaint specifically pleads a claim for violation of the same section of ERISA at issue in *Barrett*, namely for violation of **29 U.S.C. § 1132(a)(1)(B)**. (*See* Amended Complaint, Doc. 7, p. 33, Count II). Consistent with *Barrett*, the statute of limitations for Plaintiffs' claims is **ten years**, not two, because, as the First Amended Complaint makes clear (specifically in Count II), "Plaintiffs are seeking to recover benefits due them under the terms of the Walgreens Health Plan and to enforce their rights under the terms of the Walgreens Health Plan consistent with 29 U.S.C. § 1132(a)(1)(B)," (Amended Complaint, Doc. 7, ¶ 162). Thus, Defendant's statute of limitations argument fails a matter of law.

The cases cited in Defendant's Motion seeking dismissal based on a two-year statute of limitations are distinguishable. None control. Most are "failure to notify" cases, including *Baker v. Kingsley*, No. 03 C 1750, 2006 WL 2927606, at *6 (N.D. Ill. Oct. 10, 2006), which are simply inapposite. As a threshold matter, *Baker* was decided at the summary judgment stage, not the motion to dismiss stage. Second, this is not a failure to notify case. Rather, this is a deficient notification case and, more than that, Plaintiffs bring a claim under Count II specifically to seek

relief pursuant to 29 U.S.C. § 1132(a)(1)(B) and are subject to Illinois's 10-year statute of limitations for breach of a written contract.

Defendant's reliance on *Fritz v. Health & Welfare Dep't of Constr. & Gen. Laborers' Dist. Council of Chicago & Vicinity*, No. 99 C 4747, 2001 WL 34085714 (N.D. Ill. Apr. 6, 2001), is equally misplaced. Once again, that was a case decided at summary judgment, not at the motion to dismiss stage. Not only that, unlike here, in *Fritz* the plaintiff failed to "offer any argument regarding the statute of limitations." *Fritz*, at *3. Nor in *Fritz* did the plaintiff bring a claim specifically to seek damages and those benefits due under a health plan provided pursuant to 29 U.S.C. § 1132(a)(1)(B), claims which are subject to the Illinois ten-year breach of contract statute of limitations.

Similarly, in *Thompson v. Cont'l Cas. Co*., 602 F. Supp. 2d 943, 945 (N.D. Ill. 2009), unlike here, in that case the plaintiff only brought claims for violation of ERISA § 1166, 29 U.S.C. § 1024(b)(4), 29 U.S.C. § 1132(c)(1), and for breach of fiduciary duty. However, missing from the *Thompson* complaint was a claim for violation of 29 U.S.C. § 1132(a)(1)(B), which, consistent with *Barrett* has a ten-year statute of limitation based on Illinois contract law.

Much of the same is true as to the other cases cited in the section of Defendant's brief advancing a two-year versus ten-year statute of limitation. In *Carter v. Gen. Elec. Co.,* No. 98 C 50239, 2000 WL 321663, at *1 (N.D. Ill. Mar. 21, 2000), the Court was not asked to resolve a motion to dismiss. Rather, like most of the other cases cited in Defendant's Motion, that was a summary judgment opinion in which, at least according to what facts are included in the opinion, never dealt with whether the plaintiff pleaded a claim seeking damages and benefits due her and provided pursuant to 29 U.S.C. § 1132(a)(1)(B).

Defendant's reliance on *Pierce v. Visteon Corp.*, No. 1:05CV1325 LJMJMS, 2007 WL 2986123, at *4 (S.D. Ind. Oct. 9, 2007), and *Piercefield v. Int'l Truck & Engine Corp.*, No. 1:05CV1873DFHWTL, 2006 WL 2263985, at *2 (S.D. Ind. Aug. 7, 2006), fail for the same reasons.  Both cases were decided at summary judgment, not at the motion to dismiss stage.  Not only that, both were "failure to provide" notice cases in which, unlike here, the plaintiffs failed to seek damages and benefits due them pursuant to 29 U.S.C. § 1132(a)(1)(B).  That key difference sets this case apart from every case cited by Defendant for the proposition that a two-year statute of limitation applies.  Because Plaintiffs' claims are brought pursuant to 29 U.S.C. § 1132(a)(1)(B) they are subject to Illinois's 10-year statute of limitations for breach of a written contract.

**H.     The "Good Faith" Defense is Inapplicable and Does Not Warrant Dismissal.**

Walgreens' argument alleging "good faith" compliance with COBRA should be rejected entirely. The defense no longer exists. But even if it did, it is a defense for which Walgreens must carry the burden, not Plaintiffs.  It simply has no bearing at the motion to dismiss stage.

As stated above, and as a threshold matter the "good faith" defense no longer exists in COBRA notice cases.  In 2004 the Secretary of Labor promulgated a notice regulation, 29 C.F.R. § 2590.606–4, which specifically includes a no "good-faith" defense, meaning it no longer exists. Thus, a "good faith" attempt to comply with the law no longer excuses an employer's breach of the notice requirement. *Griffin v. Neptune Tech. Grp.*, 2015 WL 1635939 at *10 (M.D. Ala. Apr. 13, 2015) ("[N]ow that regulations have been promulgated, employers…must turn to them for guidance."); *Valdivieso v. Cushman & Wakefield, Inc.*, No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *2 (M.D. Fla. May 18, 2017) (denying motion to dismiss and rejecting good-faith defense in COBRA notice case).  Notably, none of the cases cited by Defendant on this issue stand for the proposition that a complaint is somehow subject to dismissal because of a defendant's

alleged "good faith" efforts to comply with 29 C.F.R. § 2590.606–4.

Nor are the cases cited in Defendant's Motion on this discrete issue persuasive. The first case cited by Defendant purporting to support its good faith defense argument, *Killis v. Medieval Knights, LLC*, No. 04 C 6297, 2007 WL 4302470, at *2 (N.D. Ill. Dec. 4, 2007), does not support dismissal of the Amended Complaint here. First, while the good-faith defense was discussed in *Killis*, the Court was asked to rule at summary judgment, not at the pleading stage, whether the good-faith defense entitled the defendant to summary judgment. Second, the Court ***denied*** the defendant's motion for summary judgment. If anything, *Killis* supports Plaintiffs' position here— not Walgreens'.

The two remaining cases cited by Walgreens, *Pierce v. Visteon Corp.*, 843 F. Supp. 2d 936, 940 (S.D. Ind. 2011) and *Crotty v. Dakotacare Admin. Servs.*, 455 F.3d 828, 830 (8th Cir. 2006), are equally unpersuasive. Both cases addressed the "good faith" defense at the summary judgment stage, not at the 12(b)(6) stage, making them completely inapplicable. Moreover, in both cases the employers lost their attempts to raise the good-faith defense. In *Pierce* a district court denied a defendant's motion for summary judgment as to the "good faith" compliance defense because the notice did not contain all information to "adequately inform the beneficiary of the COBRA coverage he [or she] is entitled to receive." *Pierce*, 843 F. Supp. at 942. Similarly, in *Crotty* the Eighth Circuit held "without more, we conclude that Dakotacare failed to meet its burden of proving that it made a good faith effort to take steps reasonably calculated to provide Ms. Crotty with the required notice." *Crotty v. Dakotacare Admin. Servs., Inc.*, 455 F.3d 828, 831 (8th Cir. 2006). Thus, not only do Walgreens' cases <u>not</u> warrant dismissal of Plaintiffs' complaint, but they also demonstrate that Walgreens' "good faith" efforts are, at best, a question of fact better suited for answering at trial.

20

Dated this 19th day of May 2023.      Respectfully submitted,

*/s/ Brandon J. Hill*           

**LUIS A. CABASSA, ESQ.**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**BRANDON J. HILL, ESQ.**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com

**DOUGLAS M. WERMAN**
**MAUREEN A. SALAS**
**WERMAN SALAS P.C.**
77 W. Washington St., Ste 1402
Chicago, IL 60602
Main No. (312) 419-1008
Facsimile: (312) 419-1025
Email: dwerman@flsalaw.com
Email: msalas@flsalaw.com

*Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

**I HEREBY CERTIFY** that on this 19th day of May 2023, the foregoing was

electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice

of electronic filing to all counsel of record.

*/s/ Brandon J. Hill*
**BRANDON J. HILL**