**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KARIMA BRYANT, JOSHUA FLANARY, DIEUNIPHERE DELCY, and TELISA WHALEY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALGREEN CO.,<br><br>Defendant. | Case No: 1:23-cv-01294<br><br>Honorable Manish S. Shah |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

ARGUMENT .......... 2

I. PLAINTIFFS' CLAIMS ARE UNTIMELY. .......... 2

II. PLAINTIFFS OFFER NO MEANINGFUL RESPONSE TO WALGREENS' ARGUMENTS THAT THEY LACK STANDING. .......... 6

A. Plaintiffs' have not sufficiently pled an injury in fact .......... 6

B. Plaintiffs lack any causal connection to have Article III standing .......... 6

III. PLAINTIFFS RECEIVED ALL REQUIRED INFORMATION .......... 8

A. Plaintiffs admittedly received the address to which payments should be sent. .......... 9

B. Walgreens' Notice told Plaintiffs how to enroll in coverage .......... 10

C. Plaintiffs' own citations demonstrate that they have failed to state a claim based on the manner in which Walgreens' Notice was written. .......... 13

IV. WALGREENS MADE A GOOD FAITH ATTEMPT TO COMPLY. .......... 14

CONCLUSION .......... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. Guigler*,
174 Ill. 2d 281 (1996) ....................4

*Barrett v. Microdynamics Corp.*,
No. 12 CV 6108, 2014 WL 184741 (N.D. Ill. Jan. 16, 2014)....................3, 4

*Bryant v. Wal-Mart Stores, Inc.*,
No. 16-24818-CIV, 2020 WL 4333452 (S.D. Fla. July 15, 2020) ....................7, 8

*Carter v. Gen. Elec. Co.*,
No. 98 C 50239, 2000 WL 321663 (N.D. Ill. Mar. 21, 2000) ....................5, 10

*Carter v. Sw. Airlines Co.*,
No. 8:20-CV-1381-T-02JSS, 2020 WL 7334504 (M.D. Fla. Dec. 14, 2020) ....................10

*Casillas v. Madison Ave. Assocs., Inc.*,
926 F.3d 329 (7th Cir. 2019) ....................8

*Central States, Southeast and Southwest Areas Pension Fund v. Denny*,
250 F. Supp. 2d 948 (N.D. Ill. 2003) ....................4

*Clark v. City of Braidwood*,
318 F.3d 764 (7th Cir. 2003) ....................5

*E.E.O.C. v. City of Greensboro*,
No. 1:09CV576, 2010 WL 5169080 (M.D.N.C. Dec. 14, 2010)....................14

*Forrest v. Universal Sav. Bank, F.A.*,
507 F.3d 540 (7th Cir. 2007) ....................9

*Gilbert v. Suntrust Banks, Inc.*,
No. 15-80415-CIV, 2015 WL 11660244 (S.D. Fla. Sept. 18, 2015)....................12

*Goodman v. Commercial Labor Servs., Inc.*,
No. 98-CV-1816, 2000 WL 151997 (N.D.N.Y. Feb. 11, 2000) ....................9, 12

*Griffin v. Neptune Tech. Grp.*,
2015 WL 1635939 (M.D. Ala. Apr. 13, 2015) ....................14

*Martincic v. Urban Redevelopment Auth. Of Pittsburgh*,
844 F. Supp. 1073 (W.D. Pa. 1994)....................14

*Ortiz v. Am. Airlines, Inc.*,
5 F.4th 622 (5th Cir. 2021) ....................................................................................7, 8

*Reed v. Palmer*,
906 F.3d 540 (7th Cir. 2018) ..........................................................................................9

*Riddle v. PepsiCo, Inc.*,
440 F. Supp. 3d 358 (S.D.N.Y. 2020)......................................................................10, 12

*Scott v. Suncoast Beverage Sales, Ltd.*,
295 F.3d 1223 (11th Cir. 2002) ...............................................................................10, 11

*Soo Line R.R. Co. v. Conrail*,
965 F.3d 596 (7th Cir. 2020) ..........................................................................................5

*Thompson v. Ryder System, Inc.*,
No. 22-20552-CIV, 2022 WL 18776108 (S.D. Fla. Oct. 11, 2022) ..............................12, 13

*United States v. Berkowitz*,
927 F.2d 1376 (7th Cir. 1991) ........................................................................................5

*Valdivieso v. Cushman Wakefield*,
No. 8:17-CV-118-T-23JSS, 2017 WL 2191053 (M.D. Fla. May 18, 2017) ..............10, 13, 14

**Statutes**

735 ILCS 5/13-214.4 ......................................................................................................5

29 U.S.C. § 1132(a)(1)(B) ..............................................................................................4

29 U.S.C. § 1166.........................................................................................................10

**Other Authorities**

29 C.F.R. § 2590.606–4 ..............................................................................................14

29 C.F.R. § 2590.606-4(b)(4) .......................................................................................12

29 C.F.R. § 2590.606-4(b)(4)(i-xiv) ................................................................................9

29 C.F.R. § 2590.606-4(b)(4)(v)..........................................................................11, 12, 13

29 C.F.R. § 2590.606-4(b)(4)(xii) ...................................................................................9

29 C.F.R. § 2590.606-4(g)..........................................................................................9, 10

In their opposition to Walgreens' motion to dismiss ("MTD"), Plaintiffs: (i) do not dispute that their claims accrued more than two years prior to filing; (ii) agree to the dismissal of claims regarding the failure to identify the plan administrator; (iii) do not dispute they never allege they actually tried to enroll for COBRA continuation benefits; and (iv) largely concede they received all required information regarding their rights to enroll in COBRA continuation benefits. Despite their attempts to argue around these defects, and their unsupported legal theories that the lack of a single notice and written enrollment form is violative, Plaintiffs' claims are untimely, they lack standing, and they fail to state a claim upon which relief can be granted.

At the outset, even assuming Plaintiffs' claims were viable, they are time-barred. Plaintiffs' claims admittedly are governed by the "most analogous" limitations provision under Illinois law. For actions arising under § 606 of ERISA, 29 U.S.C. § 1166, that period is two years—making each of the Plaintiffs' claims untimely on their face. Despite Plaintiffs' belated attempt to re-style their claim as one subject to a ten-year limitations period, their Complaint makes clear that Plaintiffs' claim is subject to a two-year limitations period, and is untimely.

Further, while Plaintiffs' Complaint presents their claim as one alleging Walgreens failed to provide them sufficient information to enroll in COBRA, such that their failure to enroll is the result of the information they did not receive, they now admit Walgreens sent them all of the at-issue information. Thus, their Complaint fails both to state a claim and for lack of standing. Plaintiffs cannot simultaneously contend a lack of disclosure caused them not to enroll in coverage, while also admitting that they had all of that information.

As set out in Walgreens' MTD, the harm Plaintiffs claim cannot reasonably be said to have resulted from the breaches they claim Walgreens committed. Plaintiffs admit they each

received a notice that stated:

> **Action Needed!**
> You must enroll in COBRA health coverage by May 4, 2019 on Benefits Support Center at **www.BenefitsSupportCenter.com** or by calling the Benefits Support Center at 1-855-564-6153. If you don't enroll, you'll lose this opportunity.

(ECF 7-1 at 1.) Unlike the plaintiffs in cases cited in Plaintiffs' opposition, Plaintiffs do not claim any of them logged on to the Benefits Support Center website, or ever called the phone number provided to attempt to enroll in coverage, only to find out that those methods proved "unhelpful." Absent any attempt to enroll, Plaintiffs cannot claim Walgreens' actions caused them to lose health insurance, and their claims thus fail for a lack of standing.

Plaintiffs' claim depends entirely on the flawed premise that Walgreens was required not just to provide certain COBRA-related information to Plaintiffs, but to do so in a single document. Nothing in the law or regulations elevates form over substance in the way Plaintiffs suggest, and the Court should resist Plaintiffs' urge to impose requirements the law does not.

## ARGUMENT

### I. PLAINTIFFS' CLAIMS ARE UNTIMELY.

In the Complaint's first sentence, Plaintiffs allege "Defendant's COBRA notice violates 29 U.S. Code § 1166, which required Defendant to provide a COBRA notice in accordance with regulations . . .." (*See* ECF 7 at ¶ 1.) For the first 160 of the Complaint's 165 paragraphs, Plaintiffs set out the ways in which Walgreens' COBRA notice allegedly failed to meet those requirements. They seek to certify a class of participants who received COBRA notices in the same form they did, and "*did not elect continuation coverage*." (*Id.* at ¶ 142 (emphasis added).) They seek various forms of relief—including statutory penalties available only under Section 502(c) of ERISA—for Walgreens' alleged violations of 29 U.S.C. § 1166. (*Id.* at ¶¶ 150–160.)

In the last five paragraphs Plaintiffs alternatively plead a benefits claim, in the event Walgreens argues that their claim is "somehow governed by the Walgreens Health Plan." (*Id.* at ¶¶ 161-65.) Although Walgreens has not asserted this is a claim for benefits, Plaintiffs now attempt to convince the Court this case is not about an allegation that Walgreens failed to provide a proper COBRA notice, and claims for the statutory penalties under Section 502(c), but is instead a claim for benefits under ERISA Section 502(a)(1)(B). (*See* ECF 27 at 23-24.)

Plaintiffs' attempt to re-style this case is unsurprising: a COBRA notice claim is facially untimely, and no serious argument to the contrary exists. Plaintiffs can only point to a minute entry in *Barrett v. Microdynamics Corp.*, to assert their claim is governed by a ten-year limitations provision. (*See id.* (citing ECF 27-1 at 96).) While *Barrett* applied a ten-year limitations provision, the minute order lacks details as to what was at issue. (*See* ECF 27-1 at 96.) Barrett actually had alleged: (1) he was provided information regarding COBRA benefits, (2) having received that information, he enrolled in COBRA, (3) he paid the assessed COBRA premiums, (4) his COBRA benefits were canceled without notice for failure to pay premiums, and (5) he incurred medical expenses which were not covered because of the cancelation of COBRA benefits. (*See* Exh. A – *Barrett* Compl., at ¶¶ 9–28.)

Viewed in context, *Barrett*'s limitations analysis is inapposite here. The *Barrett* plaintiff did not dispute the notice he received, or allege it violated regulations. He had applied for and had been receiving COBRA benefits only to have his later claims denied under the plan for a failure to pay premiums. A subsequent opinion in the case confirms that the claim there focused on interpretation of the written plan document, not on compliance with regulatory notice requirements. *See generally Barrett v. Microdynamics Corp.*, No. 12 CV 6108, 2014 WL 184741, at *1–3 (N.D. Ill. Jan. 16, 2014). That is not the claim presented here.

Notably, the *Barrett* minute order recognizes that the misidentification of a section of code as governing a claim is not dispositive in determining limitation. (*See* ECF 23-1 at 96 (citing *Central States, Southeast and Southwest Areas Pension Fund v. Denny*, 250 F. Supp. 2d 948, 952 (N.D. Ill. 2003)).) Thus, it is not Plaintiffs' citation to Section 502(a)(1)(B) in the alternative that determines the applicable limitations provision, but the nature of the claim actually asserted.

As Plaintiffs describe it, their claim is one asserting Walgreens "violated COBRA's notice requirements." (*See* ECF 27 at 7.) They allege that they lost health insurance coverage and incurred bills because of a deficient COBRA notice. (*See id.*) Unlike the *Barrett* Plaintiff (who, again, enrolled in and paid for COBRA benefits), Plaintiffs here specifically assert that deficiencies in the notices they received made them "unable" to enroll in COBRA benefits, despite a purported desire to do so. (*See id.* at 27 (¶ 5).)

ERISA Section 502(a)(1)(B)—on which Plaintiffs rely in invoking a ten-year limitations provision—speaks in terms of allowing participants to enforce the terms of the plan and forcing administrators to provide benefits consistent with the terms of the Plan. *See* 29 U.S.C. § 1132(a)(1)(B). Tellingly, neither the Complaint nor Plaintiffs' opposition to the motion to dismiss makes reference to any Plan term allegedly at issue in their claim.[1]

Instead, as noted in Defendant's MTD, Plaintiffs' Complaint asserts they were not provided the proper COBRA notice required by statute and regulation, and seeks various remedies as a result. Viewed in that light, it is clear that the Complaint is subject to the "most analogous" limitations provision to a claim of inadequate COBRA notice. *See Armstrong v. Guigler*, 174 Ill. 2d 281, 291 (1996) ("the nature of the liability and not [] the nature of the relief

[1] Even if timely, the alternative count fails to state a claim for benefits on its face. It has nothing to do with the Plan itself, but Plaintiffs' claim they received deficient COBRA notices.

sought" determines the limitations period; rejecting application of a ten-year limitations for breach of written contract, because the nature of liability asserted was based on alleged breach of an implied fiduciary duty rather than the failure to perform a contractual duty).

As addressed in Walgreens' MTD, the "most analogous" limitations provision to a claim of inadequate COBRA notice under Illinois law is "the two-year statute of limitations applicable to actions against insurance producers, limited insurance representatives and registered firms." *Carter v. Gen. Elec. Co.*, No. 98 C 50239, 2000 WL 321663, at *1 (N.D. Ill. Mar. 21, 2000) (citing 735 ILCS 5/13-214.4); (*see also* ECF 23 at 16–18 (collecting cases)).

Plaintiffs' attempts to then distinguish Walgreens' cited cases as having been decided at summary judgment fail. The applicable limitations period is a question of law, not fact, and can be readily assessed based on the claim asserted. *See Clark v. City of Braidwood*, 318 F.3d 764, 766 (7th Cir. 2003) (determining limitations as a matter of law based on claims asserted). While a statute of limitations presents an affirmative defense often inappropriate for resolution on the pleadings, "a plaintiff can plead [herself] out of court if [s]he alleges facts that affirmatively show that the suit is time-barred." *Id.* at 766–67. The facts necessary to establish Walgreens' limitations defense come exclusively from matters on the face of the Complaint. (*See* ECF 23 at 17–18 (citing Plaintiffs' complaint for dates claims accrued).) Plaintiffs offer no response (other than their misguided attempt to invoke a longer statute of limitations) and thus their claims should be dismissed.[2]

[2] By failing to respond to Walgreens' argument as to when their claims accrued, Plaintiffs waived the opportunity to do so. *See United States v. Berkowitz*, 927 F.2d 1376, 1383 (7th Cir. 1991) (party failing to respond to an argument concedes it for pending motion). Where, as here, the Court is presented with a colorable argument in a motion to dismiss, and the plaintiff fails to respond to it, the Court should assume the plaintiff concedes the point. *Soo Line R.R. Co. v. Conrail*, 965 F.3d 596, 601 (7th Cir. 2020).

## II. PLAINTIFFS OFFER NO MEANINGFUL RESPONSE TO WALGREENS' ARGUMENTS THAT THEY LACK STANDING.

As addressed in Walgreens' MTD, the documents Plaintiffs admittedly received contain all the legally required information and provide clear instructions on how to enroll—yet Plaintiffs apparently elected not to. They have not sufficiently pleaded any injury and fail to offer any response to Walgreens' argument that there is no causal connection between Plaintiffs' claimed injuries and the allegation Walgreens' COBRA Notice was deficient.

### A. Plaintiffs' have not sufficiently pled an injury in fact

Before addressing causation, the Court should examine Plaintiffs' injury in fact assertions. Plaintiffs make the conclusory assertion that Walgreens' COBRA notice caused them to be unable to enroll in COBRA, to lose health insurance, and to incur uncovered medical expenses. (*See* ECF 27 at 21–22 (citing allegations in Complaint).) They argue that these alleged harms can be injury in fact on a COBRA notice claim. (*See* ECF 27 at 18–21.)

Yet Walgreens did not argue the alleged harms would not constitute injury in fact. Walgreens argued that (1) Plaintiffs' claims of informational injury, standing alone, were insufficient, and (2) Plaintiffs' claims of economic harm were pleaded in entirely conclusory fashion.[3] (*See* ECF 23 at 10–12.) For the reasons set forth in Defendant's MTD, the informational injury claims alone are insufficient, and conclusory allegations of concrete harms are insufficient to support a standing claim. (*Id.*)

### B. Plaintiffs lack any causal connection to have Article III standing.

Plaintiffs similarly fail to offer any meaningful response to the argument that Plaintiffs cannot make any causal connection between their respective "loss" of health insurance coverage,

[3] As detailed in Walgreens' MTD, Plaintiffs' purported harms stem from the premise that they lost insurance coverage, and so had to pay medical bills out-of-pocket. Plaintiffs allege nothing about the amounts of the bills they each had to pay, the premiums they would have had to pay had they elected COBRA, or anything but their own, unadorned conclusions that those alleged services would have been covered under the Plan had they elected COBRA. (ECF 23 at 11–12.) Plaintiffs offer no response.

and the purported deficiencies in the COBRA notice. After spending almost three pages discussing their "harms," Plaintiffs' spent just over a page restating the idea that they wanted to elect coverage but due, "at least in part, to the missing information" they were unable to do so. (ECF 27 at 21-22.) As noted in Walgreens' MTD, however, Article III requires that Plaintiffs establish they would have enrolled in continuation coverage had Walgreens provided a COBRA notice in the form they contend was required. (ECF 23 at 12–16.)

As to the missing information that allegedly, in part, caused their inability to elect coverage, Plaintiffs agree that claims related to an alleged failure to identify the plan administrator should be dismissed. (ECF 27 at 17.) They also admit the second document they received from Walgreens ("Important Information About Your COBRA Continuation Coverage"), included the mailing address for payments. (See ECF 7 at ¶ 7; ECF 27 at 7.) Plaintiffs ***had*** this "missing" information, and yet still made no attempt to apply for COBRA. Thus, this "deficiency" could not have been the cause of their "harm." (*See* ECF 23 at 12–16); *see Ortiz v. Am. Airlines, Inc.*, 5 F.4th 622, 628 (5th Cir. 2021) (no standing; plaintiffs could not establish that, if defendants had offered investment the law allegedly required, they would have changed their own conduct to avoid the claimed harm); *Bryant v. Wal-Mart Stores, Inc.*, No. 16-24818-CIV, 2020 WL 4333452, at *17 (S.D. Fla. July 15, 2020) (no standing; plaintiffs could not show they would have enrolled in COBRA if provided "missing" information).

What remains (in theory) is a claim that the failure to include a paper election form and allegedly adequately explain procedures for electing coverage caused, in part, Plaintiffs' inability to elect coverage. Legally, however, no paper form is required. (ECF 23 at 20–22.) As for the explanation, regardless of whether the explanation was sufficient under the regulations, Plaintiffs cannot deny, and indeed ignore in response to standing, that the notice they received says—at the

beginning of its first page, under a heading that reads "Action Needed!"—enrollment in COBRA health coverage must be done by logging onto a website, or calling a phone number. (*See generally* ECF 27; *see also* ECF 7-1 at 1.) Plaintiffs apparently contend that the average participant would need more detailed instructions to know how to enroll. But they do not allege that any participant—themselves included—who followed the instructions provided would have needed any further instruction. Nor do they allege any of them ever attempted to use the website or phone number to enroll, and offer no response to the argument that, if anything, Plaintiffs' failure to attempt to enroll—and not any notice defect—would be the cause of their failure to obtain continuation coverage. (*See* ECF 23 at 12–16); *see Ortiz*, 5 F.4th at 628; *Bryant*, No. 16-24818-CIV, 2020 WL 4333452, at *17 (no standing where plaintiffs could not show they would have enrolled in COBRA if provided "missing" information). There can be no Article III standing where Plaintiffs failed to avail themselves of the process provided to enroll and thus, by their own actions, caused any alleged harm. *See Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 334–35 (7th Cir. 2019) (no standing where plaintiff alleged defendant violated disclosure requirement but failed to show how the violations prevented her from exercising any right—thus failing to show causation).

Lastly, as noted in Walgreens' MTD, Plaintiffs cannot claim the COBRA notice caused them harm where they apparently made the conscious decision not to enroll in COBRA coverage based on factors not limited to that notice. (ECF 23 at 14–16.) Plaintiffs lack standing to pursue their claims.

## III. PLAINTIFFS RECEIVED ALL REQUIRED INFORMATION.

Plaintiffs attempt to avoid much of the argument in Walgreens' MTD as improper attacks on the merits. (*See* ECF 27 at 13.) Walgreens' disputes are not merits-based, but are attacks on whether Plaintiffs' claims are truly well-pleaded. While inferences are to be drawn in Plaintiffs'

favor, it is permitted—in motions under Rule 12(b)(6)—to consider documents attached to the complaint and referenced in and central to the claims. *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018). Plaintiffs are not entitled to the benefit of an inference where the Complaint allegations contradict documents properly before the Court. *See Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007) ("Where an exhibit and the complaint conflict, the exhibit typically controls."). From review of the Complaint and the documents properly before the Court, Plaintiffs can prove no set of facts from which they could be entitled to relief.

**A. Plaintiffs admittedly received the address to which payments should be sent.**

While the Complaint asserts Walgreens violated 29 C.F.R. § 2590.606-4(b)(4)(xii) because it did not include "the address to which payments should be sent," Plaintiffs confirm that they *admit* Walgreens provided them that address. (*See* ECF 7 at ¶¶ 123–31; ECF 27 at 13.) Thus, Plaintiffs' claim is *not* that Walgreens failed to give them notice of the information required in § 2590.606-4(b)(4)(xii); it is that Walgreens failed to do so in the first document Plaintiffs allegedly were sent regarding their COBRA rights.

Yet Plaintiffs offer no meaningful response to the fact that nothing in ERISA, nor its regulations, elevates the form of the required notice over its substance so as to require as much. *See* ERISA § 606; 29 C.F.R. § 2590.606-4(b)(4)(i-xiv). (*See* ECF 23 at 18–19.) That the DOL offers a model notice comprised of a single document (notably in the same two parts as Walgreens' notices), does not require an alternate conclusion. *See* 29 C.F.R. § 2590.606-4(g) (model notice is "not mandatory"). That Plaintiffs theorize the regulations might "contemplate" a singular notice is irrelevant when the law and regulations do not provide as such. (ECF 27 at 13.) All that is required is that a COBRA notice "be sufficient to enable the discharged employee to make an informed and intelligent decision whether to elect continuation coverage." *Goodman v.*

*Commercial Labor Servs., Inc.*, No. 98-CV-1816, 2000 WL 151997, at *3 (N.D.N.Y. Feb. 11, 2000); (*see* ECF 23 at 18–19). There is no reason such a standard requires a single document.[4]

Plaintiffs' citation to *Valdivieso v. Cushman  Wakefield*, No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *2 (M.D. Fla. May 18, 2017), does not support Plaintiffs. The issue there was not whether defendant violated COBRA requirements by sending all required information, albeit in separately formatted documents. Instead, the defendant allegedly sent a notice that omitted the payment address, and instead stated that "[a]dditional information about payment will be provided to you after the election form is received." *Id.*[5] Walgreens did not withhold provision of the address for payment of premiums until after an election decision. As Plaintiffs admit, that information was provided to them in a document each admittedly received.

**B. Walgreens' Notice told Plaintiffs how to enroll in coverage.**

The "lack" of a paper election form is not a violation. Neither the statute nor the regulations require one, and the fact that a non-mandatory model notice has one does not make it a legal requirement *See* 29 U.S.C. § 1166; 29 C.F.R. § 2590.606-4(g). The Court should resist Plaintiffs' urging to read nonexistent requirements into the regulations.

Plaintiffs allege that Walgreens "fail[ed] to explain how to actually enroll in COBRA," (ECF 7 at ¶ 6, 14, 47.c, 49, 52, 121). Plaintiffs suggest that *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1231 (11th Cir. 2002), supports their argument that referring participants to

---

[4] Plaintiffs' claim here elevates form over substance in a way that the law does not. Accepting Plaintiffs' argument (i.e., that it is a per se violation not to incorporate all of the required information into a single, cohesively formatted document) would require finding that a defendant violates COBRA even if all of the required information is sent in a single envelope if there were two separately formatted "documents" contained within that envelope.

[5] *Riddle v. PepsiCo, Inc.,* 440 F. Supp. 3d 358, 364 (S.D.N.Y. 2020) arguably is more on point, but does not save Plaintiffs. The court there—despite noting that it was extremely skeptical of the plaintiffs' claims—erred in its application of the statute and regulations. Indeed, *Carter* subsequently rejected one of the key bases on which the *Riddle* court denied the motion to dismiss. *See Carter v. Sw. Airlines Co.*, No. 8:20-CV-1381-T-02JSS, 2020 WL 7334504, at *6 (M.D. Fla. Dec. 14, 2020) (declining to follow *Riddle* because (1) it was an out-of-circuit district court case and not binding, (2) the regulatory text did not support *Riddle*'s holding, and (3) subsequent interpretation from the Secretary of Labor rejected the application in *Riddle*). Moreover, unlike *Riddle*, where Article III standing was not part of the motion, here it is. Even were the Court to be inclined to wonder whether this issue should survive a 12(b)(6) motion, Plaintiffs lack Article III standing on this claim—making the issue moot.

a website and/or phone number to complete enrollment is improper. (*See* ECF 27 at 15.) To the contrary, however, *Scott* involved a situation where a plaintiff was told he would receive a COBRA notice in the mail, and none was apparently sent to him. *Id.*

The citation to *Scott* appears to be an attempt to erect a strawman argument that Walgreens' Notice referred them to the Benefits Support Center not just to enroll in coverage, but to obtain information from Walgreens that should have been included in the notice. (*See* ECF 27 at 15 (emphasizing that "***[t]he notice*** must be sufficient to permit the discharged employee to make an informed decision whether to elect [continuation] coverage").) Walgreens' Notice, however, contains all of the required information necessary to decide whether to enroll, and directs participants to the Benefits Support Center to enroll if they so decide:

**Action Needed!**
You must enroll in COBRA health coverage by May 4, 2019 on Benefits Support Center at **www.BenefitsSupportCenter.com** or by calling the Benefits Support Center at 1-855-564-6153. If you don't enroll, you'll lose this opportunity.

(ECF 7-1 at 1.) Further, the "Important Information" portion of the notice further stated that "COBRA enrollment elections must be made within 60 days of the date that coverage is lost or within 60 days of the statement date on the COBRA Enrollment Notice you receive, whichever is later," and re-iterated a participant should call the Benefits Support Center to enroll. (*See* Dysinger Decl. Exs. B, D, F at 4–5.)

Walgreens' COBRA notice informed Plaintiffs of the time period during which the election must be made, the date by which the election must be made, and that, in order to elect coverage, they needed to call the Benefits Support Center (at the toll-free phone number provided) or access the website (at the URL provided). These plain, unambiguous instructions provide "an explanation of the plan's procedures for electing continuation coverage," and meet the requirements of 29 C.F.R. § 2590.606-4(b)(4)(v).

As discussed in Walgreens' MTD, Plaintiffs' argument that the notice fails to provide an explanation of "how" to enroll in COBRA coverage, fails for two reasons: (1) Plaintiffs provide no legal or factual support for the contention that provision of a phone number and/or website URL cannot meet the requirements of 29 C.F.R. § 2590.606-4(b)(4)(v); and (2) Plaintiffs cannot identify any further information Walgreens needed to include in the notice to permit them to enroll in COBRA benefits. (*See* ECF 23 at 21–22.)

As in their Complaint, Plaintiffs' opposition appears to argue that, beyond providing instructions to call a specific, bolded phone number and/or to visit a specific, underlined website, the notice was required to provide additional, unspecified instructions as to how to complete enrollment. But the law requires only that COBRA notices "be sufficient to enable the discharged employee to make an informed and intelligent decision whether to elect continuation coverage." *Goodman*, No. 98-CV-1816, 2000 WL 151997, at *3. Review of the Model Notice is instructive. While it includes a box for an employer to fill in with the address to mail a completed form to, it does not suggest instructions on how a participant can complete a mailing. (*See* ECF 27-1 at 86.) Participants are presumed to know how to physically mail a form. Here, the Walgreens' Notice included a phone number to call, or a website to visit, to enroll. It did not include instructions on how to call the phone number or access the website, but it met the regulations' *objective* standard. 29 C.F.R. § 2590.606-4(b)(4). Plaintiffs were told how to apply in a manner no different than they would need in order to order a pizza or purchase items on-line.

The cases Plaintiffs cite from other circuits do not suggest a different result, and certainly are not "directly" on point. In each, plaintiffs alleged they were directed to an "unhelpful" website/phone number. *See Gilbert v. Suntrust Banks, Inc.*, No. 15-80415-CIV, 2015 WL 11660244, at *2 (S.D. Fla. Sept. 18, 2015); *Riddle v. PepsiCo, Inc.*, 440 F. Supp. 3d 358, 364

(S.D.N.Y. 2020); *Thompson v. Ryder System, Inc.*, No. 22-20552-CIV, 2022 WL 18776108, at *4 (S.D. Fla. Oct. 11, 2022). And of these, only *Thompson* contains any analysis of standing to pursue the claims asserted, as is challenged here.

Here, the Complaint is devoid of any allegations that any Plaintiff attempted to call the phone number or visited the website and found them to be "unhelpful." (*See* ECF 23 at 13, 23–24.) There is a difference between providing participants enrollment procedures found to be "unhelpful" in enrolling, and participants wholly failing to avail themselves of the enrollment procedures provided. The latter should not subject Walgreens to liability.

**C. Plaintiffs' own citations demonstrate that they have failed to state a claim based on the manner in which Walgreens' Notice was written.**

Plaintiffs fail in their attempt to save their claim that the notice is not written in a manner "calculated to be understood by the average plan participant" by restating its prior complaints as the basis for this one. (ECF 27 at 18.) As Walgreens noted in its MTD, this allegation was absent specific allegations, nothing more than an unadorned quotation of the regulatory text and cannot, standing alone, state any viable claim. (ECF 23 at 24.)

The court in *Thompson* agrees. The court dismissed claims that, because of other claimed defects, the notice therefore failed to be written in a manner calculated to be understood by the average participant. The court found that (while the plaintiff plausibly alleged *other* violations of the regulations) plaintiff had failed to identify any way in which the notice was *written* in a manner not likely to be understood by the average participant. *See Thompson*, 2022 WL 18776108, at *6; *see also Valdivieso*, 2017 WL 2191053 at *1 (insufficient facts to support claim that average participant would not understand notice as written). An allegation of other defects in compliance with the regulations without reference to the way in which the notice itself is written

is insufficient to state a violation of 29 C.F.R. § 2590.606-4(b)(4)(v). *See Thompson*, 2022 WL 18776108, at *6. This claim here also should be dismissed.

## IV. WALGREENS MADE A GOOD FAITH ATTEMPT TO COMPLY.

Plaintiffs largely argue that good faith compliance was made irrelevant by the 2004 regulations. (*See* ECF 27 at 25–26.) First, while Plaintiffs assert that the regulation "specifically includes a no 'good-faith' defense," no such provision is contained in the regulation. (*See* ECF 27 at 25 (citing 29 C.F.R. § 2590.606–4).) That Plaintiffs can point to two courts in other circuits that rejected the defense does not defeat the fact other courts recognize it. Moreover, the two cases are distinguishable. In *Griffin v. Neptune Tech. Grp.*, 2015 WL 1635939 (M.D. Ala. Apr. 13, 2015), defendant undisputedly omitted much of the content required by the regulation. *See id.* at * 10–12. The Court held the defendant had to look to the *regulation* for guidance, and could not rely on good faith compliance with the *statute* where it had not. *Id.* at *10. In *Valdivieso*, where the employer failed to include two items expressly required by regulation, the court defaulted to *Griffin* to find no good faith defense available. *Valdivieso*, No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *2.

Here, however, Walgreens has in good faith complied with all of the express *regulations*, not just the statute, and Plaintiffs seek to incorporate into those regulations requirements—single consolidated notices, paper applications, additional details on enrollment—that simply are not part of the regulations. That Plaintiffs can conceive of a conceptual interpretation of the regulations that requires more (or differently formatted) information than what Walgreens provided does not mean Walgreens was not making a reasonable, good faith attempt to comply with regulations (and, in so doing, the statute) to meet the good faith requirement. *See Martincic v. Urban Redevelopment Auth. Of Pittsburgh*, 844 F. Supp. 1073, 1076 (W.D. Pa. 1994) ("We will not penalize a party for choosing the narrower and less burdensome interpretation of an

ambiguous regulation."); *E.E.O.C. v. City of Greensboro*, No. 1:09CV576, 2010 WL 5169080, at *13 (M.D.N.C. Dec. 14, 2010) (same).

## CONCLUSION

For the foregoing reasons, and those set out in Walgreens' opening brief, the Court should grant Walgreens' Motion to Dismiss Plaintiffs' claims in their entirety.

DATED: June 2, 2023

Respectfully submitted,

WALGREEN CO.

By: */s/ Thomas Horan*
One of Its Attorneys

Ronald J. Kramer
rkramer@seyfarth.com
Thomas M. Horan
thoran@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, IL 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Alex S. Drummond
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

Attorneys for Defendant
WALGREEN CO.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of June, 2023, I filed the foregoing REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, via the Court's electronic filing system which will send notification of such filing to all counsel of record.

*/s/ Thomas M. Horan*
Thomas M. Horan



95395046v.9